**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOY ZELIKOVSKY, PsyD, Individually and on behalf of others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Case No. 3:23-CV-02624-N |
| INTERNATIONAL ASSOCIATION OF EATING DISORDER PROFESSIONALS' FOUNDATION, INC., a California Corporation, BONNIE HARKEN, JOEL JAHRAUS, DENA CABRERA, and RALPH CARSON, | § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT BONNIE HARKEN'S RULE 12(b)(3) MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1406(a) OR 1404(a) AND MEMORANDUM OF LAW IN SUPPORT**

**TABLE OF CONTENTS**

**INTRODUCTION** .................................................................................................................. 1

**FACTUAL BACKGROUND** ............................................................................................... 1

**ARGUMENT** ........................................................................................................................ 2

    I.    **Plaintiff's Complaint Must Be Dismissed Pursuant to Federal Rule 12(b)(3) because The Northern District of Texas Is an Improper Venue** ........ 2

        A.    Venue Is Improper Under 28 U.S.C. § 1391(b)(1) .................................. 3

        B.    Venue Is Improper Under 28 U.S.C. § 1391(b)(2) .................................. 4

        C.    Venue Is Improper Under 28 U.S.C. § 1391(b)(3) .................................. 4

            *i.*    *This Court does not have general jurisdiction over any defendant.* ......................................................................... 5

            *ii.*   *This Court does not have specific jurisdiction over any defendant.* ......................................................................... 6

    II.   **The Convenience of Parties and Witness in This Case Justifies Transfer to the Central District of Illinois Under 28 U.S.C. § 1404(a)** ............ 7

    III.  **The Witness and Evidence Likely to Be Brought at Trial Are Based in Illinois and Support the Transfer of Venue** …………………………….8

    IV.  **The Claims Against Harken Should Be Dismissed for Lack of Personal Jurisdiction** ……………………………………………………………….. 11

**CONCLUSION** ................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**CASES**

*AbramsShell v. Shell Oil Co.*, 343 F.3d 482 (5th Cir. 2003). ........................................................ 4

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255 (2017) ................................................................................................................................. 6

*Bulkley & Associates, L.L.C. v. Dep't of Indus. Rels., Div. of Occupational Safety & Health of the State of California*, 1 F.4th 346 (5th Cir. 2021) ................................... 5

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ..................................................................... 5, 6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011) .............................. 4, 5

*In re Radmax, Ltd.*, 720 F.3d 285 (5th Cir. 2013) ................................................................. 8, 10

*In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2013) ................................................................. 7, 8, 9

*In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) ................................. 7, 8, 9, 11

*Kinney v. Int'l Bus. Machines Corp.*, No. 1-20-CV-969-LY, 2021 WL 11670020 (W.D. Tex. June 7, 2021) ................................................................................................ 6

*Lawson v. United States Dep't of Just.*, 527 F. Supp. 3d 896 (N.D. Tex., March 22, 2021) .......... 2

*Mitchell v. Coloplast Corp.*, No. 3:20-CV-2858-B, 2021 WL 1574706 (N. D. Tex. Apr. 22, 2021) ............................................................................................................................. 10

*Mussat v. IQVIA, Inc.*, 953 F.3d 441 (7th Cir. 2020) ................................................................. 6

*Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369 (5th Cir. 2003) ................................................ 5

*Sinochem Intern. v. Malaysia Intern. Shipping*, 549 U.S. 422 (2007) ........................................ 7

*Woolf v. Mary Kay Inc.*, 176 F. Supp. 2d 642 (N.D. Tex. 2001) .............................................. 10

**STATUTES & RULES**

28 U.S.C. § 1391 ............................................................................................................. 3, 4, 5, 7
28 U.S.C. § 1404 ................................................................................................................. 1, 7, 8
28 U.S.C. § 1406 ................................................................................................................. 1, 3, 7
Fed. R. Civ. P. 12(b)(3) ...................................................................................................... 1, 2, 7
Fed. R. Civ. P. 45 .................................................................................................................... 10

Defendant Bonnie Harken ("Harken") moves this Court to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. In the alternative, Harken moves this Court to transfer this action to the United States District Court for the Central District of Illinois (the "Central District") pursuant to 28 U.S.C. § 1406(a) or § 1404(a) or dismiss the claims against Harken for lack of personal jurisdiction. In support of her motion, Harken states as follows:

## INTRODUCTION

On January 3, 2024, Plaintiff Joy Zelikovsky ("Plaintiff") filed an amended class action complaint against the International Association of Eating Disorder Professionals, Foundation, Inc. ("iaedp"), Bonnie Harken, Joel Jahraus, Dena Cabrera, and Ralph Carson (collectively, "Defendants").[1] Dkt. No. 11, First Amended Class Action Complaint for Declaratory Relief and Damages ("Complaint" or "Compl."). Harken agreed to waive service of process, which is not a waiver of her objections to jurisdiction or venue. Compl., p. 3, ¶ 9; Fed. R. Civ. P. 4(d)(5). The action stems from alleged misconduct by Harken as Managing Director of iaedp. Compl., p. 8, ¶ 25. The Complaint should be dismissed pursuant to Rule 12(b)(3) for improper venue or, in the alternative, should be transferred to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1404(a) or § 1406(a).

## FACTUAL BACKGROUND

Plaintiff Joy Zelikovsky, a Connecticut resident, brought this lawsuit in the Northern District of Texas, Dallas Division (the "Northern District") on behalf of herself and a putative class. *Id.* at pp. 2–3, ¶¶ 5, 7. Ms. Zelikovsky is a psychologist practicing at 55 Bostford Ave., Milford, Connecticut 06460. Exhibit A, Zelikovsky CV, p. 1. She is currently enrolled in the New

---

[1] The original Complaint was filed on November 28, 2023 as a "Jane Doe" lawsuit, but was amended to name Ms. Zelikovsky.

-1-

Haven/Hartford Chapter of iaedp and has acted as secretary since December 2019. *Id.* at p. 7. Plaintiff makes no allegations that she is currently a resident or has ever been a resident of a state other than Connecticut.

Defendant Harken acts as Managing Director of iaedp and resides in Pekin, Illinois. Exhibit B, Affidavit of Bonnie Harken in Further Support of Motion to Dismiss/Transfer (hereinafter, "Harken Aff."), pp. 1, 3, ¶¶ 1, 9–10. Defendant iaedp is a 501(c)(3) corporation organized under the laws of the State of California. Compl., p. 3, ¶ 8. Pekin, Illinois is iaedp's headquarters and principal place of business. Harken Aff., p. 3, ¶ 11. The other individual defendants are former officers and current board members of independent iaedp corporate chapters, and they reside in Florida, Arizona, and Alabama. Compl., pp. 3–4, 32, ¶¶ 10–13, 103.

Plaintiff alleges that as Managing Director, Harken illegally tied board certifications as an eating disorder specialist to participation in a symposium hosted by iaedp every four years. *Id.* at p. 2, ¶ 3. According to Plaintiff, eating disorder specialists nationwide are required to pay fees and attend the symposium in order to maintain certification. *Id.* Plaintiff alleges that Harken and iaedp violated federal antitrust and RICO statutes by instituting these requirements, and are also liable for unjust enrichment and civil conspiracy. *Id.* at pp. 23–40, ¶¶ 70–127.

## ARGUMENT

**I.     Plaintiff's Complaint Must Be Dismissed Pursuant to Federal Rule 12(b)(3) Because the Northern District of Texas Is an Improper Venue.**

Under Fed. R. Civ. P. 12(b)(3), a party may move for dismissal of an action that is filed in an improper venue. Once a defendant challenges the plaintiff's choice of venue, the majority of Fifth Circuit courts have held that the plaintiff bears the burden of establishing that it filed its case in the proper district. *See e.g., Lawson v. United States Dep't of Just.*, 527 F. Supp. 3d 894, 896

(N.D. Tex., March 22, 2021). Under Rule 12(b)(3), "the district court assumes the truth of the allegations in the plaintiff's complaint, *unless* contradicted by the defendant's affidavits."

It is apparent from the face of the Complaint that venue is not proper in the Northern District of Texas. Plaintiff's claims related to venue amount only to allegations that (1) some of the defendants serve on iaedp Dallas-Fort Worth Chapter's Board of Directors, and (2) iaedp conducts some business in the Northern District of Texas. Compl., pp. 4–5, ¶ 14. Relying only on these meager assertions, Plaintiff has completely ignored federal venue requirements and improperly picked this district as her forum.

The proper bases for venue are found in 28 U.S.C. § 1391 (b)(1)-(3), which states that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). Plaintiff does not allege that any defendant resides in this district. Therefore, venue would be improper under § 1391(b)(1). Further, Plaintiff's allegations do not demonstrate that a substantial part of the alleged misconduct took place in this district under § 1391(b)(2) nor that any defendant is subject to this court's personal jurisdiction under § 1391(b)(3). Plaintiff can satisfy none of the provisions above, so venue is improper and this case should be dismissed pursuant to § 1406.

    A.    **Venue Is Improper Under 28 U.S.C. § 1391(b)(1).**

Plaintiff has not alleged sufficient facts to support residency. 28 U.S.C. § 1391(b)(1) states that venue is proper when any defendant resides in the chosen district, if *all* defendants are

residents of the state in which the chosen district is located. Under § 1391(c)(1), a natural person is deemed to reside where that person is domiciled. Under § 1391(c)(2), a corporate entity is "deemed to reside, if a defendant, in any judicial district in which the entity is subject to the court's personal jurisdiction with respect to the civil action in question."

Based on the Complaint, it is clear that not all defendants are domiciled in the Northern District of Texas. The individual defendants reside in Illinois, Alabama, Arizona, and Florida. Compl., pp. 3–4, 12, ¶¶ 10–12, 38 Therefore, Plaintiff cannot demonstrate that § 1391(b)(1) is satisfied.

      **B.**      **Venue Is Improper Under 28 U.S.C. § 1391(b)(2).**

Venue would also be improper under § 1391(b)(2). Venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred[.] § 1391(b)(2). In Fifth Circuit class action cases, venue considerations are determined based on the named plaintiffs, rather than the absent class members. *Abrams Shell v. Shell Oil Co.*, 343 F.3d 482, 490 (5th Cir. 2003) (citing *Bywaters v. United States*, 196 F.R.D. 458, 464–65 (E.D. Tex. 2000)).

The claims in this case entirely relate to alleged misconduct against Joy Zelikovsky, the only named plaintiff, who resides in Connecticut. Compl., p. 3, ¶ 7. Venue cannot be proper under § 1391(b)(2) because the claims have no ties to the Northern District of Texas.

      **C.**      **Venue Is Improper Under 28 U.S.C. § 1391(b)(3).**

Finally, § 1391(b)(3) is unavailing because this district does not have personal jurisdiction over any defendant. If "no district" can meet the first two tests, § 1391(b)(3) allows a suit to be brought in any district with personal jurisdiction over any defendant. If none of the three tests can be met, the chosen venue must be improper.

The contours of personal jurisdiction analysis have been discussed at length by the United States Supreme Court. A federal court may exercise jurisdiction over an out-of-state defendant if

the defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2848 (2011). Personal jurisdiction may be demonstrated either as "general jurisdiction" or "specific jurisdiction". *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). Neither can be found here, so venue is improper under § 1391(b).

Authority for federal courts sitting in the State of Texas is determined by the jurisdictional rules of the state. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003). The Texas Long-Arm Statute is coextensive with the confines of federal due process. *Bulkley & Associates, L.L.C. v. Dep't of Indus. Rels., Div. of Occupational Safety & Health of the State of California*, 1 F.4th 346, 351 (5th Cir. 2021) citing TEX. CIV. PRAC. & REM. CODE § 17.042. Under the federal due process analysis, the critical question for personal jurisdiction is whether or not any defendant had sufficient contacts with the state of Texas to subject itself to the legal authority of the state's court system. Here, no defendant has any ties to the state of Texas, especially as related to Plaintiff's claims.

        i.     *This Court does not have general jurisdiction over any defendant.*

Plaintiff cannot demonstrate that the Northern District of Texas has general jurisdiction over any defendant. An individual who is domiciled or resides in a given state is subject to the general jurisdiction of that state. *Goodyear*, 131 S.Ct. at 2853–54. For corporations, courts will find general jurisdiction exists if the forum state is the corporation's state of incorporation or principal place of business. *Id.* If none of those three apply, courts will occasionally find general jurisdiction if the corporation's affiliations with the state are "so constant and pervasive as to render [it] essentially at home in the forum State." *Daimler AG*, 571 U.S. at 122 (internal quotations omitted). However, such a situation is an "exceptional case". *Id.* at 139, n.19.

Here, no defendant who is a natural person resides in Texas, so this court cannot have general jurisdiction over those individuals. Further, iaedp's contacts with Texas cannot amount to the organization being "at home" in the State of Texas. Iaedp is not incorporated in Texas, its headquarters is not in Texas, and its principal place of business is not in Texas. Compl., p. 3, ¶ 8; Harken Aff., p. 3, ¶ 11. Plaintiff's allegations regarding venue, in their entirety, amount to claims that (1) iaedp conducts business in the State, and (2) the individual defendants are directors of the Dallas-Fort Worth chapter of iaedp. Compl., pp. 4–5, ¶ 14. Plaintiff has not alleged any facts suggesting that iaedp and its Dallas-Fort Worth chapter are the same entity, and the chapter's jurisdictional obligations cannot be imputed to the larger organization. *See Daimler AG*, 571 U.S. at 136 (holding that California courts did not have jurisdiction over a German company, despite that company having a subsidiary in California.) Therefore, Plaintiff cannot reasonably argue that iaedp is "at home" in Texas or that this district has general jurisdiction over iaedp or any other defendant.

    ii.  *This court does not have specific jurisdiction over any defendant.*

Plaintiff also cannot demonstrate that the Northern District of Texas has specific personal jurisdiction over any defendant. The United States Supreme Court has held that to find specific jurisdiction over an out-of-state defendant, Plaintiff must demonstrate that there is an "adequate link" between the forum State and the claims. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 256 (2017). Further, multiple federal courts have found that for class action lawsuits personal jurisdiction requires the named plaintiff was allegedly injuries arise out a defendant's contacts with the forum state. *See e.g., Kinney v. International Business Machines Corporation*, No. 1-20-CV-969-LY, 2021 WL 11670020 at *5 (W.D. Tex. June 7, 2021), *amended on reconsideration*, No. 1:20-CV-00969-LY, 2021 WL 11670024 (W.D.

Tex. July 7, 2021); *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 445 (7th Cir. 2020) ("[A class's] affiliation with a forum depends only on the named plaintiffs.")

Here, specific jurisdiction fails from the outset. The named Plaintiff, Joy Zelikovsky, resides in Connecticut. Compl., p. 3, ¶ 7. The Complaint makes no allegations that Ms. Zelikovsky has ever been a resident of Texas, or was ever affiliated with the Dallas-Forth Worth Chapter of iaedp. Further, Harken's alleged misconduct has no ties at all to the State of Texas. There is no "adequate link" between the plaintiff and this district, so specific personal jurisdiction over Harken does not exist.

Therefore, the § 1391(b)(3) test also fails, and there is no justification for choosing the Northern District of Texas as the venue for this case. This case should be dismissed under Rule 12(b)(3).

II.     **The Convenience of the Parties and Witnesses in this Case Justifies Transfer to the Central District of Illinois Under 28 U.S.C. § 1404(a).**

In the alternative, the Complaint's factual allegations more than justify transfer to the Central District of Illinois under §§ 1406(a) or 1404(a). Cases may be transferred "for the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Bonnie Harken, resides in and operates iaedp from Pekin, Illinois, which is in the Central District of Illinois. Compl., p. 12, ¶ 38; Harken Aff., p. 3, ¶ 10. The Central District is a proper venue, and transfer would support the interests of justice under § 1406 and the goals of § 1391.

District courts are given "broad discretion" in deciding whether to transfer a case. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) quoting *Balawajader v. Scott,* 160 F.3d 1066, 1067 (5th Cir. 1998). Transfer is justified when "the transferee venue is clearly more convenient[.]" *In re TikTok, Incorporated*, 85 F.4th 352 (5th Cir. 2023). However, the burden on

the moving party is lessened "[w]hen the plaintiff's choice is not its home forum." *Sinochem Intern. V. Malaysia Intern. Shipping*, 549 U.S. 422, 423 (2007). Plaintiff did not choose her home state of Connecticut, instead choosing the Northern District of Texas despite having no ties at all to that forum. One can only conclude that Plaintiff picked this district based on the location of her attorney.

Courts take into consideration (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *Volkswagen*, 545 F.3d at 315.

When evaluating these factors, "[n]o factor is of dispositive weight" and the court has warned against a "raw counting of the factors." *TikTok*, 85 F.4th at 358. Here, some factors (5, 7, and 8) are very likely neutral between the two districts. However, the majority of the stated considerations weigh in favor of transfer, and in such a way that properly effectuates the interest of justice as required by § 1404(a). The Fifth Circuit has found that only three factors can be sufficient to support transfer if the remaining factors are neutral. *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013).

### III. The Witness and Evidence Likely to Be Brought at Trial Are Based in Illinois and Support the Transfer of Venue.

The Complaint's allegations are predominantly based on alleged acts and omissions that occurred in Illinois, while having almost no connection to Texas. The Complaint alleges that Harken, as Managing Director of iaedp, has sole control over all of the organization's operations,

including the certification process. Compl, pp. 12–13, 27, ¶¶ 39, 88. For all five counts in the Complaint, Plaintiff claims that Harken, as an individual or as representative of iaedp, engaged in illegal conduct. Compl, pp. 23–40, ¶¶ 70–127. The other individual defendants only appear under the conspiracy and RICO claims, and even then only as alleged arms of Harken/iaedp. Compl., pp. 28–29, 33 ¶¶ 95–96, 104. As such, it is highly likely that the substantial bulk of the evidence and witness testimony will need to come directly from Harken, who resides and works in the Central District of Illinois. Harken Aff., p. 3, ¶¶ 9–10.

Therefore, the Central District of Illinois is a substantially more convenient venue than the Northern District of Texas. The first *Volkswagen* factor, the ease of access to sources of proof, weighs in favor of transferring to the Central District of Illinois if the relevant "documents and physical evidence" are in the Central District of Illinois. Here, the primary location of documents related to iaedp are in Harken's control in Pekin, Illinois. Harken Aff., p. 3, ¶¶ 13–14. Further, "[t]his factor weighs in favor of transfer where the current district lacks any evidence relating to the case." *Tiktok*, 85 F.4th at 358 . There are *no* relevant documents Plaintiff or Harken can identify that are physically located in the Northern District of Texas. *Id.* at p. 3, ¶ 13. Therefore, this factor must weigh in favor of transfer.

Further, the primary witness for this case is very likely to be Harken herself. According to Plaintiff, she maintains "iron fisted control" over iaedp and is in sole control of all of the organization's policies. Compl, pp. 12–13, ¶¶ 38, 39. As such, her testimony would be the most lengthy and burdensome at trial. In *Volkswagen*, the court stated that the "factor of inconvenience" to witnesses increases in direct relationship to the additional distance to be traveled, when the distance between the transferor and transferee courts is more than 100 miles. Here, Harken's residence of Pekin, Illinois is almost 800 miles away from the Northern District of Texas. Harken

Aff., p. 3, ¶ 9. Courts consider the cost of testifying, including travel time, lodging expenses, and time away from work, family, and community. *Volkswagen*, 545 F.3d at 317. These costs would be substantial for Harken. Harken Aff., p. 4, ¶ 15. Harken's burden would be greatly decreased if the venue were to be transferred to the Central District of Illinois. *Id*. In contrast, *no* potential witness identified in the Complaint resides within 100 miles of the Northern District of Texas. Compl., pp. 3–4, 32, ¶¶ 10–13, 103. The distance would be moot for Plaintiff herself, who lives in Connecticut and would need to travel to either district. "The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue." *Woolf v. Mary Kay Inc.*, 176 F. Supp. 2d 642, 650 (N.D. Tex. 2001). Accordingly, the third factor clearly weighs in favor of transfer.

The compulsory process factor also weighs in favor of transfer, as the Northern District of Texas would not have subpoena power over Harken or any of the other individual defendants in this case. Under Fed. R. Civ. P. 45(c)(1), a subpoena may compel attendance at a trial, hearing, or deposition only "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or "within the state where the person resides, is employed, or regularly transacts business in person . . . ." Subpoenas for witnesses travelling more than 100 miles would be subject to motions to quash under Fed. R. Civ. P. 45(d)(3). Refusing to transfer venues would add a needless procedural burden to the case—especially because the Central District of Illinois is a proper venue that does have subpoena power over critical witnesses based on Rule 45(c)(1). Plaintiff has not identified in the Complaint *any* witnesses subject to the Northern District of Texas's subpoena power. Therefore, this factor also supports transfer of venue.

Transferring venue would also alleviate multiple practical problems, making trial easier and more expeditious under the fourth factor. Courts typically consider distance between

witnesses/evidence and the trial court, along with progress of the case in the transferor court that would need to be re-litigated. *Radmax*, 720 F.3d at 289; *Mitchell v. Coloplast Corp.*, No. 3:20-CV-2858-B, 2021 WL 1574706, at *4 (N.D. Tex. Apr. 22, 2021). As stated above, the primary defendant currently resides in Illinois. Harken Aff., p. 3, ¶ 9. Further, substantial physical evidence is maintained in Illinois. *Id.* at p. 3, ¶ 13. Finally, the case's progress has been minimal. Plaintiff filed her amended complaint on January 3, 2024. The Central District of Illinois would not need to repeat a substantial body of work.

Finally, the Central District of Illinois has a superior interest to the Northern District of Texas in adjudicating this issue. Admittedly, the parties in this case are domiciled in a variety of states. However, the primary defendant-in-interest allegedly acts on behalf of iaedp from the Central District of Illinois. Harken, Aff. p. 3 ¶ 10. Certainly Illinois's interest in the case is greater than that of the Northern District of Texas, a place where no party is domiciled. Five of the eight factors weigh in favor of transfer, while the rest are neutral between the parties. This more than exceeds the standard set in *Volkswagen*, so this case should be transferred to the Central District.

**IV.     The Claims Against Harken Should Be Dismissed for Lack of Personal Jurisdiction.**

In the alternative, Harken moves for the claims against her to be dismissed pursuant to Rule 12(b)(2) as this Court lacks personal jurisdiction over Harken in this case. As discussed previously, this Court does not have personal jurisdiction over Harken. Harken incorporates by reference her arguments set forth in Section I of Motion demonstrating the Court's lack of personal jurisdictions over Harken in this case and requests that the Court dismiss all claims against her for lack of personal jurisdiction.

## CONCLUSION

Accordingly, Defendant Bonnie Harken requests that Plaintiff's Complaint be dismissed pursuant Rule 12(b)(3) or, in the alternative, transferred to the Central District of Illinois under §

-11-

-12-

1404(a), or in the alternative, Plaintiff's claims against Bonnie Harken be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2).

        Respectfully submitted,

        */s/ Matthew T. McLain*
        **Matthew T. McLain**
        State Bar No. 24046401
        mclain@litchfieldcavo.com

        **LITCHFIELD CAVO, LLP**
        100 Throckmorton, Ste. 500
        Fort Worth, Texas 76102
        Telephone: 817-945-8025
        Facsimile: 817-753-3232

        **ATTORNEY FOR DEFENDANT BONNIE HARKEN**

-13-

## CERTIFICATE OF CONFERENCE

I certify that counsel for Ms. Harken conferred with Plaintiff's Counsel, Steven R. Dunn, via e-mail on January 11, 2024 regarding the relief requested herein, and Mr. Dunn confirmed Plaintiff is opposed.

                                                */s/ Matthew T. McLain*
                                                Counsel for Defendant Bonnie Harken

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure via e-mail and first class mail on this 29th day of January 2024.

***First Class Mail and E-mail: steven@dunnlawfirm.net***
Steven R. Dunn
State Bar No. 06252250
5830 Preston Fairways
Dallas, Texas 75252
Telephone (212) 769-7810

**ATTORNEY FOR PLAINTIFF**

                                                */s/ Matthew T. McLain*
                                                Counsel for Defendant Bonnie Harken